No. 754

KAPLAN v. STONE

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 645. Decided July 16, 1925

829. NEGLIGENCE—1. May be proven by circumstantial evidence.

2. Fact that driver of truck knew street was oily and slippery, made it incumbent upon him to exercise due care in restraining his truck from skidding, and inference to that effect is not unreasonable.

ALLREAD, J.

Joe Kaplan, while engaged in vending fruits and produce from his wagon in a residential section, stopped and endeavored to sell his goods to a customer. Morris Stone was the owner of a truck, driven by one, Marht, who, while turning into the street upon which Kaplan's wagon stood, skidded into both Kaplan and his wagon.

For the injuries received, Kaplan brought a suit in the Dayton Municipal Court where he received a judgment of $250 against Stone. Error was prosecuted to the Montgomery Common Pleas where the judgment was reversed seemingly on the ground that there was no evidence tending to prove negligence. Error was prosecuted to the Court of Appeals by Kaplan, and the Court held:

1. Kaplan was within his legal rights in driving and stopping his wagon upon said street next to the curb, also his standing upon the street was lawful, and whether he was guilty of negligence in so doing, was a question of fact for the trial court, which cannot be disturbed upon weight of the evidence.

2. Reviewing court would not be authorized to reverse the Municipal Court unless its finding was contrary to the manifest weight of the evidence or unless the inferences drawn from the circumstances were unreasonable.

3. The reasonable inference of Kaplan's witnesses was that the driver must have been driving more rapidly than was stated, and that there was an inference of negligence in the manner in which such driver attempted to pass Kaplan's wagon.

4. It was not an unreasonable inference that if the driver had used due care in handling the truck on the oiled street to prevent it from skidding, the accident would not have happened.

5. Stone's testimony is inferentially contradicted by circumstances testified to by Kaplan's witnesses as to distance wheels skidded and force of the impact. Judgment of Municipal Court affirmed and that of Common Pleas reversed.

Attorneys—I. L. Jacobson for Kaplan; John J. Hoover for Stone; both of Dayton.